## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL ROCHELLE<br>1267 Winchester Place<br>Red Hill, PA 18076 | :<br>:<br>:   CIVIL ACTION<br>: |
|         Plaintiff,<br>   v. | :   DOCKET NO.:<br>:<br>: |
| PENNRIDGE SCHOOL DISTRICT<br>1200 N. 5th St.<br>Perkasie, PA 18944 | :   **JURY TRIAL DEMANDED**<br>:<br>: |
|         Defendant. | :<br>: |

### CIVIL ACTION COMPLAINT

Paul Rochelle (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by Plaintiff against Pennridge School District (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he was discriminated against and unlawfully demoted by Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue-letter under the ADA. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA.

## JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the ADA.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing his Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is a school district located in Bucks County, Pennsylvania.

2

9.      At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff was hired to work for Defendant in or about May of 2017 as a part-time (on-call) Custodian.

12.     Due to his hard-work and dedication, Plaintiff was promoted to a full-time custodian working at Pennridge High School in June of 2018.

13.     Plaintiff has and continues to suffer from various ADA qualifying disabilities and complications, including but not limited to health issues related to his heart (for which Plaintiff had to previously undergo a aortic valve replacement), cancer that is currently in remission, an ocular problem due to a prior assault, as well as other health issues.

14.     Plaintiff's aforesaid health conditions, at times, limited his ability to perform some daily life activities, including but not limited to working, seeing, and performing manual tasks.

15.     Despite Plaintiff's aforesaid disabilities and complications related to same, he has been able to perform his custodial job well with Defendant.

16.     In or about August of 2018, Plaintiff learned that Defendant had posted an open position for "Building Manager" at Defendant's West Rockhill Elementary School.

3

17.     Plaintiff applied for the Building Manager position (discussed *supra*) and was interviewed by Dr. Michelle Wiley (Principal of West Rockhill Elementary School – *hereinafter* "Wiley") and Jeff Loeffler (Former Director of Operations – *hereinafter* "Loeffler").

18.     After interviewing with Wiley and Loeffler, Plaintiff was offered the position of Building Manager at Defendant's West Rockhill Elementary School, which was considered a promotion in pay and job duties for Plaintiff.

19.     As a custodian, Plaintiff was earning $22.00 per hour; however, in the position of Building Manager, Plaintiff would have been earning approximately, $28.00-$29.00 per hour.

20.     Just as in his prior custodian role, Plaintiff was able to perform the job of a Building Manager, despite his aforesaid disabilities and limitations.

21.     However, after going through a few days of training for the position of Building Manager, Plaintiff was approached by Loeffler and informed that he was being removed from the role and demoted back down to a custodian position.

22.     Plaintiff was informed by Loeffler that the reason for his aforesaid demotion was because he had spoken to the prior school at which Plaintiff had worked and believed - like there - he would miss too much time from work for health problems.

23.     Plaintiff was therefore specifically removed from his promoted position of Building Manager and placed into his former (demoted) role of custodian solely because of references to his known health issues.

24.     Plaintiff expressed concern to Loeffler and Defendant's Human Resources ("HR") Manager, one Jacqueline McHale (*hereinafter* "McHale"), about being demoted solely based on what his former employer reported regarding his attendance due to his health conditions.

25.     Unfortunately, Plaintiff's expressed concerns of mistreatment based on his health fell on deaf ears, as Defendant maintained its decision to demote Plaintiff, despite having clear knowledge of his health conditions and prior need for time off related to same at his former employer.

26.     When Plaintiff was demoted and/or not hired for the Building Manager position at West Rockhill Elementary, he resumed his position at Pennridge High School.

27.     While training for the position of Building Manager at West Rockhill Elementary, Plaintiff was assigned to a very difficult and labor-intensive position working in the cafeteria at Pennridge High School, at which point Plaintiff requested the accommodation of being transferred to a different custodial position because of his aforesaid health conditions.

28.     In response to his request for a transfer due to his health conditions, Plaintiff was placed to work in Seylar Elementary School (*hereinafter* "Seylar").

29.     Plaintiff continues to work at Seylar Elementary where he is directly supervised by Bob Williams (Building Manager of Seylar – *hereinafter* "Williams") and Kelly Harper (Director of Operations – *hereinafter* "Harper"). Plaintiff is also indirectly supervised by Miles Roe (Principal of Seylar – *hereinafter* "Roe").

30.     Williams, Harper, and Roe were all apprised of Plaintiff's aforesaid health conditions shortly after being transferred to Seylar (in not before).

31.     Since Plaintiff's aforesaid demotion, expressed concerns of health-related mistreatment, request for accommodations, and subsequent transfer to Seylar, Plaintiff has been subjected to a discriminatory and retaliatory hostile work environment by Defendant's management and HR Department (specifically McHale).

32.     For example, unlike co-workers who fall outside of his protected class and/or did not engage in protected activity under the ADA:

    i.  Williams, Harper, Roe, and McHale have treated Plaintiff in a rude and demeaning manner;

    ii.  Plaintiff has been assigned one of the largest (if not the largest) cleaning area in Seylar;

    iii.  Williams, Harper, Roe, and McHale have closely scrutinized Plaintiff's performance and nit-picked his work;

    iv.  Williams, Harper, Roe, and McHale have issued him pretextual progressive discipline in an attempt to create a paper trail on Plaintiff so they can terminate his employment;

    v.  Defendant's management and/or HR department has called Plaintiff in for four different meetings within a time span of four months to discuss alleged performance issues;

    vi.  Defendant's management and HR department have denied Plaintiff a transfer to a different building which was requested by Plaintiff in order to escape the discriminatory/retaliatory hostile work environment that he is being subjected to;

    vii.  Plaintiff has been accused of stealing various items from classrooms, including but not limited to chocolate morsels, a speaker, and chargers. Defendant even went as far as filing a police report against Plaintiff wherein he was required to go to the police station and be questioned for approximately two hours;

    viii.  Plaintiff has been threatened with termination;

    ix.  Plaintiff was ordered to keep a daily log of his activities; and

    x.  Plaintiff has been suspended for completely pretextual reasons.

33.    As a result of the hostile work environment that Plaintiff has been subjected to, he has suffered both mental and physical distress. For example, on or about February 11, 2019, Plaintiff was told to report to another meeting with Defendant's management to discuss his alleged performance issues. During this meeting, Plaintiff was berated by Defendant's management and HR department about alleged performance issues – most of which were prior issues that were alleged to have occurred before Plaintiff's first meeting with Defendant's management in November of 2018 and were already properly addressed by Plaintiff. Following this meeting, Plaintiff became extremely dizzy and had to leave work early, at which point he was treated at a local hospital for high blood pressure.

34.    Recently, Plaintiff has taken a medical leave of absence due to the hostile work environment that he is being subjected to within Defendant (which has exacerbated some of his health conditions).

35.    Plaintiff believes and therefore avers that he was demoted because of his actual and/or perceived disabilities and then subsequently subjected to a discrimination/retaliatory hostile work environment because of his actual and/or perceived disabilities, in retaliation for raising concerns of unfair treatment based on his health conditions, and/or in retaliation for requesting reasonable accommodations.

**First Cause of Action**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADAAA")</u>**
**(Actual/Perceived Disability Discrimination)**
**-Failure to Promote/Hire-**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Plaintiff believes and avers that he was demoted and/or not hired for the position of Building Manager because of his known and/or perceived disabilities.

38.     These actions as aforesaid constitute violations of the ADAAA.

**Second Cause of Action**
**<u>Violations of the Americans with Disabilities Act, as Amended ("ADAAA")</u>**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation)**
**-Hostile Work Environment-**

39.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40.     Plaintiff believes and therefore avers that he has and continues to be subjected to a hostile work environment through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him due to his [1] actual and/or perceived disabilities; [2] record of impairment; [3] requests for reasonable accommodations; and/or [5] expressed concerns of mistreatment based on his health.

41.     These actions as aforesaid constitute violations of the ADAAA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C.      Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 19, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Paul Rochelle | : | CIVIL ACTION |
| v. | : | |
| Pennridge School District | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X )

| | | |
|---|---|---|
| 4/19/2019 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   1267 Winchester Place, Red Hill, PA 18076

Address of Defendant:   1200 N. 5th Street, Perkasie, PA 18944

Place of Accident, Incident or Transaction:   Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/19/2019 _____   _____ Attorney-at-Law / Pro Se Plaintiff   ARK2484 / 91538 _____ Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 4/19/2019 _____   _____ Attorney-at-Law / Pro Se Plaintiff   ARK2484 / 91538 _____ Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROCHELLE, PAUL

**DEFENDANTS**

PENNRIDGE SCHOOL DISTRICT

**(b)** County of Residence of First Listed Plaintiff _Montgomery_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _Bucks_
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1 U.S. Government Plaintiff
- X 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- X 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
"ADA" (42USC12101)
Brief description of cause:
Violations of the ADA and Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

- CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE 4/19/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print   Save As...   Reset